# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MARCUS E. LOLAR, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 17-CV-135-JED-FHM |
| WILLIAM McDANIEL and KEVIN JEFFRIES, | ) |
| Defendants. | ) |

## OPINION AND ORDER

On March 16, 2017, Plaintiff, a *pro se* prisoner who is incarcerated at Davis Correctional Facility in Holdenville, Oklahoma, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 (Doc. 1). On March 22, 2017, the Court granted Plaintiff's motion to proceed *in formal pauperis* (Doc. 3), and Plaintiff paid the required initial partial filing fee on April 20, 2017 (Doc. 5). On June 6, 2017, Defendant State of Oklahoma was dismissed without prejudice pursuant to 28 U.S.C. § 1915A(b), and Plaintiff was directed to show cause why his claims against Defendants William McDaniel and Kevin Jeffries should not be dismissed as barred by the statute of limitations (Doc. 6). Plaintiff filed a response to the show-cause order on June 19, 2017 (Doc. 7).

**Statute of Limitations**

As set forth in the Court's previous Order, Plaintiff has presented the following allegations against the two remaining defendants:

> On 9-22-14, OFC William McDaniel of the Pawhuska Police Dept. handcuffed Plaintiff in Ponca City and drove him to Pawhuska county jailed [sic] on basis of arrest warrant issued without either Jurisdiction and [sic] Probable Cause. (Doc. 1 at 2).

> On 9-22-14, OFC William McDaniel conspired with Sgt. Kevin Jeffries to illegally

detain Plaintiff for him without a probable cause warrant or arrest warrant. (Doc. 1 at 3).

"Federal law controls questions relating to accrual of federal causes of action. A civil rights action accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Baker v. Bd. of Regents*, 991 F.2d 628, 632 (10th Cir. 1993) (citations omitted). *See also Indus. Constructors Corp. v. United States Bureau of Reclamation*, 15 F.3d 963, 969 (10th Cir. 1994). In particular, "[a] civil rights action accrues when facts that would support a cause of action are or should be apparent." *Fratus v. Deland*, 49 F.3d 673, 675 (10th Cir. 1995) (citations and internal quotations omitted). *See also Anderson v. Oklahoma*, 382 F.3d 1206, 1215 (10th Cir. 2004), *cert. denied*, 544 U.S. 1044 (2005).

State law controls the determination of the statute of limitations and the application of tolling in a federal civil rights action. *Bd. of Regents of Univ. of State of N.Y. v. Tomanio*, 446 U.S. 478, 485 (1980). The statute of limitations for a civil rights cause of action in Oklahoma is two years. *Meade v. Grubbs*, 841 F.2d 1512, 1522 (10th Cir. 1988), *abrogated on other grounds as recognized by Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760 (10th Cir. 2013); Okla. Stat. tit. 12, § 95(A)(3).

Petitioner alleges in his response to the show-cause Order that his complaint mistakenly alleged the incidents at issue occurred on September 22, 2014, when the correct date was September 22, 2012 (Doc. 7 at 1). He claims the direct appeal of his criminal conviction was decided on April 25, 2015, and on June 22, 2015, he filed an application for post-conviction relief pursuant to the Post-Conviction DNA Act, Okla. Stat. tit. 22, § 1373, which he believes tolled the limitation period. *Id.* Plaintiff alleges the denial of his post-conviction application was affirmed on August 30, 2016, and he initiated a petition for a writ of habeas corpus in this Court in November 2016. *Id.* at 1-2.

The Court, however, finds Petitioner's analysis of the statute of limitations and tolling is erroneous, because his state post-conviction and federal habeas proceedings are not relevant to this civil rights action.

In general, tolling of the limitation period is permitted in Oklahoma in two limited circumstances. *Alexander v. Oklahoma*, 382 F.3d 1206, 1217 (10th Cir. 2004).

> The first circumstance is the existence of a legal disability, which has been applied in cases where a plaintiff's competency is impaired or where the plaintiff has not yet reached the age of majority. The second circumstance is when "defendants engage in false, fraudulent or misleading conduct calculated to lull plaintiffs into sitting on their rights." [Finally,] in the appropriate case, exceptional circumstances may justify tolling a statute of limitations.

*Young v. Davis*, 554 F.3d 1254, 1258 (10th Cir. 2009) (quotations, alterations, and citations omitted). None of these exceptions applies to Plaintiff's case.

Based on the Plaintiff's allegations, his claims were or should have been known to him on September 22, 2012. Absent tolling, the limitation period for this action expired two years later on September 22, 2014. The complaint, however, was not filed until March 16, 2017. Therefore, the Court finds the complaint must be **dismissed** as barred by the statute of limitations.

**ACCORDINGLY, IT IS HEREBY ORDERED** that

1. Plaintiff's complaint (Doc. 1) is **dismissed with prejudice** for failure to state a claim upon which relief may be granted.
2. The Clerk is directed to **flag** this dismissal as Plaintiff's first "prior occasion" for purposes of 28 U.S.C. § 1915(g).
3. Plaintiff remains obligated to pay in monthly installment the balance of the $350 filing fee for this case.
4. A separate judgment shall be entered in this matter.

ORDERED this 29th day of December, 2017.

JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE